■    THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v RONALD FRANK, Defendant.—Motion to dismiss appeal granted on the grounds that the defendant has absconded and his whereabouts are unknown. (See *People v Del Rio*, 14 NY2d 165; *People ex rel. Mallin [Beauchene] v Kuh*, 38 NY2d 982; *People v Casiel*, 33 NY2d 791.) Concur—Kupferman, J. P., Bloom, Lane and Silverman, JJ.

■    FRANK B. HALL AND CO. OF NEW YORK, INC., Respondent-Appellant, v ORIENT OVERSEAS ASSOCIATES, Appellant-Respondent.—Motion for resettlement granted insofar as to permit defendant to recover costs and disbursements at the trial level in accordance with the stipulation of the parties and, on resettlement, to additionally modify the judgment appealed from by vacating so much thereof as awarded costs to plaintiff and by awarding costs to defendant and, as so modified, to otherwise affirm the judgment. The parties are directed to resettle the order, including a provision to recall the opinion and to republish it with a changed dispositive paragraph reflecting the stipulated modification regarding costs and disbursements in the action. Concur—Murphy, P. J., Fein, Sandler, Markewich and Silverman, JJ.

## (March 28, 1979)

■    MORRIS ITKIN et al., Appellants-Respondents, v RIVERBAY CORPORATION, et al., Respondents-Appellants and Third-Party Plaintiffs. MARLOT SUPPLY CO., INC., Third-Party Defendants.—Orders, Supreme Court, New York County, entered March 16 and 20, 1979, unanimously modified, in the exercise of discretion, to restore to the earlier order the proposed final decretal paragraph stricken therefrom at settlement, to wit: "ORDERED, that plaintiffs provide to the physician or physicians retained by defendants, prior to the holding of the physical examination(s) referred to in this order, a copy of *all* hospital records in plaintiff's possession regarding all confinements of the plaintiff, Morris Itkin, subsequent to the date of the alleged occurrence giving rise to this action and all medical reports from *all* physicians whom the plaintiffs intend to testify at trial." The orders are otherwise affirmed, without costs or disbursements. The record reflects the precarious condition of plaintiff's health, which necessitates immediate deposition on videotape, as well as physical examination. It is in the interest of justice to provide defendants' examining physicians with the requisite information to facilitate proper conduct of the physical examination. For this reason, medical information is to be supplied. Compliance is to follow immediately upon service of a copy of the order entered hereon so that matters may proceed on the scheduled date. Counsel have been alerted by telephone to assure expedition. Concur—Murphy, P. J., Sullivan, Markewich, Lupiano and Silverman, JJ.